**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JMB SHIPPING ATB 284, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>UNICO COMMODITIES LLC, INC.,<br><br>       Defendant. | Civil Action No. 1:21-cv-8907<br><br><br>**COMPLAINT** |

Plaintiff JMB Shipping ATB 284, LLC ("JMB Shipping"), by way of its Complaint against Defendant Unico Commodities LLC, Inc. ("Unico Commodities"), alleges as follows:

**NATURE OF THE ACTION**

1.      This action arises from Defendant Unico Commodities's unlawful breach of a contractual guaranty by its failure to satisfy JMB Shipping's claim with respect to the underlying obligations of non-party Unico Marine.

**THE PARTIES**

2.      Plaintiff JMB Shipping was and is at all material times a company organized and operating pursuant to the laws of the State of Delaware, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB Shipping was and is at all material times the registered owner of the M/V RUBIA and Barge UMS 284.

3.      The M/V RUBIA (previously named M/V DENISE A. BOUCHARD) was and is at all material times a pusher tug of 434 gross tons bearing Official No. 1251312 and sailing under the flag of the United States.

4.      Barge UMS 284 (previously named Barge B No. 284) was and is at all material times a clean oil capable barge approximately 382.3' in length bearing Official No. 1216341. The M/V RUBIA and UMS 284 are designed and intended to be mated together to form an articulated tug and barge unit (hereinafter, the "Vessel").

5.      Defendant Unico Commodities was and is at all material times a company organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046.

6.      Non-party Unico Marine Services, LLC ("Unico Marine") was and is at all material times a company organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      Venue in the United States District Court for the Southern District of New York is proper pursuant 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.      On or about May 5, 2021, Unico Marine entered into a Bareboat Charter Agreement (the "Agreement") wherein Unico Marine agreed to charter the Vessel (then named DENISE A. BOUCHARD and Barge B No. 284) from the Vessel's prior owners, Tug Denise A. Bouchard Corp. and B. No. 284 Corp. (*See* Ex. 1, Bareboat Charter Agreement).

10.     Under the terms of the Agreement, Unico Marine agreed to bareboat or demise charter the Vessel in exchange for monthly charter hire of $9,500.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months, ending on December 31, 2021. *See* Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on

the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERER to OWNERS."

11.     During the initial Term of the Agreement, the Vessel was offered and sold at judicial auction by the U.S. Bankruptcy Court for the Southern District of Texas as an asset of Bouchard Transportation Co., Inc., the Vessel's former beneficial owner and debtor in *In re: Bouchard Transportation Co., Inc.*, Case No. 20-34682 (the "Bouchard Bankruptcy"). JMB Capital Partners Lending, LLC was the successful bidder in the auction of the Vessel, and acquired ownership of the Vessel on or about August 5, 2021. (*See* Ex. 2, Bouchard Bankruptcy, ECF No. 1124, Notice of Filing Asset Purchase Agreements; *see also* Bouchard Bankruptcy, ECF No. 1114, Notice of Successful Bidders and Backup Bidders With Respect to the Auction of the Debtors' Assets). JMB Capital Partners Lending, LLC thereafter transferred ownership of the Vessel to JMB Shipping, Plaintiff in this action, who became registered owner of the Vessel on or about August 5, 2021.

12.     Under Schedule 1.2 of the Asset Purchase Agreement dated July 26, 2021, JMB Capital Partners Lending, LLC, assumed the Agreement between Unico and B No. 284 Corp. and TUG DENISE A BOUCHARD CORP. (*See* Ex. 2, Asset Purchase Agreement dated July 26, 2021). JMB Capital Partners Lending, LLC thereafter transferred ownership of the Vessel to JMB Shipping, Plaintiff in this action, who became the registered owner of the Vessel on or about August 5, 2021. (*See* Ex. 3, Recorded Bill of Sale for B. No. 284 dated August 5, 2021; Ex. 4, Recorded Bill of Sale for the M/V DENISE A BOUCHARD dated August 5, 2021).

13.     Unico Marine failed to pay charter hire for the M/V RUBIA and UMS 284 for the month of October when hire came due on September 30, 2021.

14.     After the close of banks on October 1, 2021, JMB Shipping placed Unico Marine on notice that it was in breach of the governing Agreement due to its failure to timely pay charter hire. (*See* Ex. 5, Notice of Non-Payment).

15.     On October 4, 2021, Unico Marine informed JMB Shipping that it intended to breach the Agreement the following day by ceasing performance as charterer and redelivering the M/V RUBIA and UMC 284 the following day, October 5, 2021. (*See* Ex. 6, Notice of Redelivery). Unico Marine proceeded to "redeliver" the Vessel on or about October 7, 2021, by effectively abandoning the Vessel and their crew at a dock in New Jersey. In the interest of preserving the Vessel and ensuring that crew necessary for her safekeeping remain onboard despite Unico Marine's breach and abandonment, JMB Shipping retook possession of the Vessel under protest.

16.     Unico Marine's performance and payment under the Agreement was fully secured and guaranteed by a Parent Company Guarantee executed by Unico Commodities as additional consideration for the Agreement. (*See* Ex. 7, Parent Company Guarantee). In relevant part, the Parent Company Guarantee provides:

1.      The Parent Company hereby irrevocably and unconditionally guarantees, for the benefit of the Owners, the performance of each and every obligation arising on the part of the Charterer under the Charterparties respectively.

2.      The Parent Company hereby irrevocably and unconditionally agrees, for the benefit of the Beneficiary, to make payment to the Owners in respect of any monies owed but not paid when due by the Charterer to the Owners respectively as obliged under the Charterparties.

3.      If the Charterer fails to pay such sums due under the Charterparties by the time required, the Owner(s) shall notify the Parent Company of such non-payment and demand in writing payment of the said amount. The Parent Company shall cause such payment to be made to the respective Owner(s) within five (5) business days

of receipt of such demand.

4.      The rights and remedies of the Owner(s) under this Guarantee shall be cumulative and not exclusive of any rights or remedies which it would otherwise have in law, in admiralty, in equity and/or under the terms of the aforementioned Charterparties, and no failure or delay by the Owner(s), in exercising any such rights shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right preclude its other or further exercise or the exercise of any other power or right.

17.      On October 6, 2021, JMB Shipping provided Unico Commodities notice under the Parent Company Guarantee of Unico Marine's breach of the Agreement by failing to pay October charter hire. (*See* Ex. 8, Notice to Unico Commodities).

18.      Unico Commodities breached the Parent Company Guarantee by failing to perform any of its obligations thereunder following proper notice by JMB Shipping. Accordingly, Unico Commodities is indebted to JMB Shipping for the damages caused by its failure to perform as agreed.

19.      As a result of Unico Marine's breach of the Agreement and Unico Commodities's separate breach of the Parent Company Guarantee, JMB Shipping has suffered damages including but not limited to: loss of profits in the form of unpaid charter hire; increased expenses for preservation of the Vessel and maintenance of their remaining crew; berthage, provisions, and other expenses; costs for repairs and deferred maintenance arising during Unico Marine's charter; management costs; and attorneys' fees and costs, all of which are recoverable as damages against Unico Commodities for breach of the Parent Company Guarantee. JMB Shipping's damages continue to accrue, but presently exceed $500,000.00.

## COUNT ONE
### *Breach of Guaranty*

20.     JMB Shipping repeats each and every allegation contained in those paragraphs of the Complaint marked and numbered one (1) through nineteen (19), inclusive, with the same force and effect as though fully and at length set forth herein.

21.     On June 14, 2021, Unico Commodities executed a valid, binding, and enforceable contract—the Parent Company Guarantee—guarantying Unico Marine's performance and payment under the Bareboat Charter Agreement.

22.     JMB Shipping is owed a debt from Unico Marine for its failure to perform and make payment under, and breach of, the Agreement.

23.     Unico Commodities breached the Parent Company Guarantee by failing to perform any of its obligations thereunder following proper notice by JMB Shipping of Unico Marine's breach of the Agreement and resulting debt.

24.     Neither Unico Commodities nor Unico Marine has paid the debt to JMB Shipping, which continues to accrue in the form of lost profits; increased expenses for preservation of the Vessels and maintenance of their remaining crew; berthage, provisions, and other expenses; costs for repairs and deferred maintenance arising during Unico Marine's charter; management costs; attorneys' fees and costs, and related losses and damages.

25.     Unico Commodities's breach of the Parent Company Guarantee has directly and proximately damaged JMB Shipping in an amount to be determined at trial.

**WHEREFORE**, JMB Shipping demands judgment in its favor and against the Defendant in an amount in excess of $500,000.00, together with pre-judgment and post-judgment interest, attorneys' fees, the costs of this suit, and such other relief as this Court may order.

## <u>TRIAL BY JURY DEMANDED</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, JMB Shipping demands a trial by jury as to all matters so triable.

Dated:  October 29, 2021

*/s/ Rachel Maimin*

Rachel Maimin
Robert M. Hirsh
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel:    212.419.5876
Fax:    973.597.2400
*Attorneys for Plaintiff*
*JMB Shipping ATB 284, LLC*

*Of counsel:*

Alan R. Davis
Adelaida J. Ferchmin
**LUGENBUHL, WHEATON, PECK**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Tel:    504.568.1990
Fax:    504.310.9195
*Attorneys for Plaintiff*
*JMB Shipping ATB 284, LLC*

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Rachel Maimin, Esq. is hereby designated as trial counsel for Plaintiff JMB Shipping ATB 284, LLC in the within matter.

*/s/ Rachel Maimin*

Rachel Maimin
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel:       212.419.5876
Fax:       973.597.2400
*Attorney for Plaintiff*
*JMB Shipping ATB 284, LLC*
