UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JMP SHIPPING ATB 284, LLC, | |
| Plaintiff, | Civil Action No. 1:21-CV-8907 |
| - against - | ECF Case |
| UNICO COMMODITIES LLC, INC., | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant, Unico Commodities LLC ("Unico Commodities" or "Defendant"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court should grant this Motion and dismiss the Plaintiff JMB Shipping ATB 284, LLC's ("JMB" or "Plaintiff") Complaint (*Dkt No. 1*) in its entirety, with prejudice.

## FACTUAL BACKGROUND

Plaintiff alleges that it is the owner of the Tug RUBIA and the Barge 284.  *See Dkt. No. 1, ¶¶ 2-3.*  Plaintiff further alleges that on or about May 5, 2021, Defendant's affiliate, Unico Marine Services LLC ("Unico Marine") entered into a Bareboat Charter Agreement ("Charter Party") with the Plaintiff's assignor.  *Id. ¶ 9.*  Plaintiff alleges that Unico Marine breached the Charter Party. *Id. ¶¶ 10-15.*  Still further, Plaintiff alleges that Defendant issued a "Parent Company Guaranty" – which is dated June 14, 2021, more than a month after the Charter Party.  *Id. ¶ 16, Ex. 7 (Dkt. No. 1-7).*  Plaintiff further alleges Defendant breached the Parent Company Guarantee by failing to perform its obligations thereunder, and is therefore liable for breach of contract.  *Id. ¶¶ 17-25.*

**ARGUMENT**

**I.**     **Standard of Law on a Rule 12(b)(6) Motion to Dismiss**

"Under *Ashcroft v. Iqbal*, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' to survive a motion to dismiss." *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678 (2009)). In considering a motion to dismiss, the court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 249 (2d Cir. 2014) (*quoting N.J. Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (alterations omitted)); *see also*, *Boyd v. Nationwide Mut. Ins. Co.,* 208 F.3d 406, 408 (2d Cir. 2000).

"At this stage, dismissal is appropriate only where [Plaintiff] can prove no set of facts consistent with the complaint that would entitle [it] to relief." *Meyer*, 761 F.3d at 249.  Here, even assuming as true all of the Plaintiff's well-pleaded facts and exhibits, the Plaintiff's Complaint still fails to satisfy the 12(b)(6) pleading standard. This is because Plaintiff has failed to allege sufficient facts to state a claim that is plausible on its face given that the sole basis for the relief it seeks is the Parent Company Guarantee entered into on June 14, 2021, which, as explained herein, was void *ab initio* for lack of consideration.  Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted.

Furthermore, dismissal should be with prejudice as, although leave to amend is freely given under Rule 15(a)(2), such leave is properly denied "for good reason, including futility. . . ." *TechnoMarine SA v. Giftports, Inc.* 758 F.3d 493, 505 (2d Cir. 2014) (*quoting McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Because the Plaintiff's sole basis for relief is predicated on a contract that was void *ab initio* for lack of consideration, granting the Plaintiff

leave to re-plead would be an exercise in futility. *See*, *Trakansook v. Astoria Fed. Sav. & Loan Ass'n*, No. 06-CV-1640 (SMG), 2007 U.S. Dist. LEXIS 28679 at * 23 (E.D.N.Y. April 18, 2007) *aff'd* No. 07-2224-CV, 2008 U.S. App. LEXIS 24122 (2d Cir. Nov. 21, 2008) (holding that permitting a plaintiff to re-plead would be futile where the basis for dismissal of the complaint could not be corrected by amending the pleadings); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (dismissing the complaint with prejudice where permitting the plaintiff to re-plead would be futile).

## II.   The Parent Company Guarantee Is Void for Lack of Consideration

It is a legal axiom that "a contract which does not require performance by each party is unenforceable for lack of consideration." *Fakhoury Enterprises, Inc. v. J.T. Distributors*, No. 94 Civ. 2729 (PKL), 1997 U.S. LEXIS 7667, at * 9 (S.D.N.Y. June 2, 1997). "[U]nless both parties to a contract are bound, so that either can sue the other for a breach, neither is bound." *Oscar Schlegel Manufacturing Co. v. Peter Cooper's Glue Factory*, 231 N.Y. 459, 461–62 (1921). Where one party to a contract does not agree to do or refrain from doing anything, the contract is not supported by consideration and is, thus, void *ab initio*. *See*, *id.* (holding that the plaintiff "did not agree to do or refrain from doing anything" and, as such, the contract between plaintiff and defendant was void for lack of consideration).

In the specific case of claims based on guarantees, it has been held that "[i]ndeed, without consideration, [a] guaranty is unenforceable." *Faunus Group Int'l, Inc. v. Ramsoondar*, 2014 U.S. Dist. LEXIS 67838, at * 7 (S.D.N.Y. May 16, 2014) (*citing Walcutt v. Clevite Corp.,* 191 N.E.2d 894, 897 (1963). Here, review of the Parent Company Guarantee (*Dkt. No. 1, Ex. 7)*, shows it is not supported by consideration and, as such, was void *ab initio*. Therefore, the Plaintiff's claims upon the Parent Company Guarantee fail as a matter of law.

It is evident from the plain language of the Parent Company Guarantee that there was no express consideration given in exchange for the Defendant's guarantee; there is no recital of consideration and it makes no mention of consideration whatsoever. *Id*. The clause in the Parent Company Guarantee providing "Parent Company hereby irrevocably and unconditionally guarantees…the performance of each and every obligation arising on the part of the Charterer under the Charterparties respectively," (*id.*) is of no import, as a party may always raise lack of consideration, despite the presence of an unconditional statement in a guarantee. *See*, *Faunus Group Int'l, Inc., supra*, 2014 U.S. Dist. LEXIS 67838, at *5-6 (S.D.N.Y. 2014) (citing *CIT Grp./Commercial Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 410 (S.D.N.Y. 2009)).

However, it is arguable that "[e]ven if a writing does not expressly obligate each party, consideration may still be found by implication . . . ." *Fakhoury Enters., Inc.*, *supra*, 1997 U.S. Dist. LEXIS 7667 at *9–10. Further, with respect to a guarantee, it has been held that "a contract of guaranty entered into ***concurrently*** with the principal obligation is supported by the same consideration which underlies the principal contract." *Walter E. Heller & Co. v. Cox*, 343 F. Supp. 519, 527–28 (S.D.N.Y. 1972)(emphasis added). In this case, however, the Parent Company Guarantee contains no language that indicates any implied consideration was given, nor was it entered into at the same time as the underlying charter party contract between Plaintiff and Defendant's affiliate, Unico Marine. This is made obvious by simple comparison of the date the charter party contract was executed, *i.e.* May 12, 2021, and the date the Parent Company Guarantee was executed, *i.e.* June 14, 2021 – more than one month later. *Compare Dkt. No. 1-1 and Dkt. No. 1-7*. The Parent Company Guarantee was thus not supported by the same consideration given by Plaintiff in the underlying charter party contract which it purports to guarantee. *See Reddy v.*

*Mihos*, 160 A.D.3d 510, 515, 76 N.Y.S.3d 13 (1ˢᵗ Dept. 2018)(agreement unenforceable for lack of consideration).

In *Korff v. Corbett*, 155 A.D.3d 405 (1st Dept. 2017), involving an alleged guarantee, defendants argued that the agreement was void under General Obligations Law § 5-1105, which bars agreements based on consideration already performed, unless such consideration is explicitly recited in the agreement. The First Department agreed, writing in part as follows:

> General Obligations Law § 5-1105 provides: "A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed." It essentially codifies the notion that "[g]enerally, past consideration is no consideration and cannot support an agreement because 'the detriment did not induce the promise.' That is, 'since the detriment had already been incurred, it cannot be said to have been bargained for in exchange for the promise'" (*Samet v. Binson*, 122 AD3d 710, 711, 996 N.Y.S.2d 149 [2d Dept 2014], *quoting Umscheid v. Simnacher*, 106 AD2d 380, 381, 482 N.Y.S.2d 295 [2d Dept 1984]). However, General Obligations Law § 5-1105 makes an exception where the past consideration is explicitly recited in a writing. To qualify for the exception, the description of the consideration must not be "vague" or "imprecise," nor may extrinsic evidence be employed to assist in understanding the consideration (*see Clark v. Bank of N.Y.*, 185 AD2d 138, 140, 585 NYS2d 749 [1st Dept 1992], *appeal withdrawn* 81 N.Y.2d 760, 610 N.E.2d 394, 594 N.Y.S.2d 721 [1992]). Defendants argue that, because plaintiff provided all of his legal services before the agreement was signed, and because paragraphs 2 and 3 of the agreement say nothing about the past consideration he gave in exchange for the benefits conferred upon him therein, the agreement is not enforceable.

*Korff,* 155 A.D.3d at 408. *Accord: Samet v. Binson*, 122 A.D.3d 710, 711 (2d Dept. 2014).

With respect to a guarantee, courts have held that sufficient consideration may be implied by the terms of the contract in situations where the contract contemplates that the guarantor is requesting that the other party to the contract perform a certain act for the benefit of a third person. *See*, *AXA Inv. Managers UK Ltd. v. Endeavor Capital Mgmt. LLC*, 890 F. Supp. 2d 373, 382 (S.D.N.Y. 2012) (*quoting Thomas H. Lee Equity Fund V, L.P. v. Bennet*, 2007 U.S. Dist. LEXIS

22993, at * 2 (S.D.N.Y. Mar. 28, 2007) ("[i]t is well established that where one party agrees with another party that, if such party for a consideration performs a certain act [f]or a third person, he will guarantee payment of the consideration by such person, the act specified is impliedly requested by the guarantor to be performed and, when performed, constitutes a consideration for the guarantee").

In this case, however, the Parent Company Guarantee does not contemplate that the Plaintiff would do anything for the benefit of a third party—here Unico Marine—as the Charter Party—*i.e.* the underlying principle contract—was executed more than one month prior to the execution of the Parent Company Guarantee. *Compare Dkt. No. 1-1 and Dkt. No. 1-7.* When a guarantee is executed *after* the underlying debt or obligation is incurred, new consideration is required to support the guarantee or it is deemed *nudum pactum*.[1]

Furthermore, it cannot even be argued that the Parent Company Guarantee was supported by consideration on the basis that the Plaintiff agreed to forego collection of a debt or to refrain from taking legal action against the principal debtor (Unico Marine), as the Parent Company Guarantee explicitly states that the Plaintiff retains "any rights or remedies which it would otherwise have in law, in admiralty, in equity and/or under the terms of the aforementioned Charterparties." *See Dkt. No. 1-7.* The Parent Company Guarantee was thus void *ab initio* as it was

---

[1] See, e.g., *Stroll v. Epstein*, 818 F.Supp. 640 (S.D.N.Y. 1993); *Xcel Supply, LLC v. Horowitz*, 2017 IL App (1st) 152277-U, 2017 Ill. App. Unpub. LEXIS 1373 (June 30, 2017) ("[w]here a guarantee is executed after the guaranteed debt is incurred, new consideration is necessary to support the guarantee. *City National Bank of Hoopeston v. Russell*, 246 Ill. App. 3d 302, 307, 615 N.E.2d 1308, 186 Ill. Dec. 251 (1993) (citing *First National Bank of Red Bud v. Chapman*, 51 Ill. App. 3d 738, 740, 366 N.E.2d 937, 9 Ill. Dec. 426 (1977)); see also *Webbe v. Romano Oolitic Stone Co.*, 58 Ill. App. 222, 226 (1894) (every contract must be supported by consideration, either expressed in words or implied in the nature of the contract, or the contract is *nudum pactum*—bare or naked promise). Generally, whatever consideration would be sufficient for any other kind of contract will be considered sufficient to support a contract of guarantee. *First National Bank of Red Bud*, 51 Ill. App. 3d at 741 (citing *Stern v. Gelder*, 224 Ill. App. 89 (1922); *Blue Island Brewing Co. v. Fraatz*, 123 Ill. App. 26, 30 (1905))).

not supported by any consideration, explicit or implicit, it was not entered into at the same time as the principal Charter Party contract, and its express terms evidence that the Plaintiff did not intend to do anything for the benefit of a third party (or the Defendant itself) which it was not already obligated to do, nor did it agree to forebear from any legal action in the event of a default on the principal Charter Party contract.

## **CONCLUSION**

The Plaintiff's sole claim in this action is for Breach of Guaranty, allegedly arising out of the Parent Company Guarantee entered into on June 14, 2021. Such claim, however, fails as a matter of law because the Parent Company Guarantee was not supported by consideration and, as such, was void *ab initio* and cannot form the basis for any claim against the Defendant for which relief may be granted.

Dated: December 23, 2021

<div style="margin-left:40%;">

UNICO COMMODITIES LLC

By:_____
Patrick F. Lennon, Esq.
Kevin J. Lennon, Esq.
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Ste. 300
New York, NY 10170
Tel. (212) 490-6050
Fax (212) 490-6070
pfl@lmplaw.net
kjl@lmplaw.net

</div>

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2021, a copy of the foregoing was filed electronically on the Court's CM/ECF docketing system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

_____
Patrick F. Lennon